UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARVEY WEINSTEIN, | NO. CV 17-7940-AG (AGR) |
| Petitioner, | |
| v. | OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |
| CENTRAL INTELLIGENCE AGENCY, et al., | |
| Respondents. | |

On October 31, 2017, Frederick Banks, a federal convict housed in Youngstown, Ohio, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, purportedly on behalf of "film mogul" Harvey Weinstein.[1] (Petition at 1, 3, 15 (return address and prisoner number on mailing envelope).[2]) Banks asserts that Weinstein, having been accused by various persons of inappropriate sexual conduct, is now "being held in unlawful electronic confinement in a CIA program of remote telepathy research . . . ." (*Id.* at 1.) The remainder of the Petition, including its exhibits, amounts to a short manifesto

---

[1] Besides himself, Banks also lists "Hamilton Brown, LLP" as one of the entities purporting to act on Weinstein's behalf. The Petition does not explain the relationship between the LLP and either Banks or Weinstein.

[2] Page citations are to the page numbers assigned by the CM/ECF system in the header.

contending that the CIA controls targeted persons' minds via satellite transmissions and other means. Banks requests that the Court order: Weinstein's release from custody; disclosure by Respondents of "the CIA FISA [Foreign Intelligence Surveillance Act] electronic surveillance"; appointment of counsel for Weinstein; and an injunction barring further such "remote electronic harassment." (Petition at 3.[3])

Banks cannot represent Mr. Weinstein in this proceeding. "Any person representing himself or herself in a case without an attorney must appear pro se for such purpose. That representation may not be delegated to any other person – even a spouse, relative, or co-party in the case." Civ. L.R. 83-2.2.1; *see C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). Because Banks lacks standing, this Court lacks jurisdiction to entertain his habeas petition. *See generally Whitmore v. Arkansas*, 495 U.S. 149, 166 (1990); *Dennis v. Budge*, 378 F.3d 880, 888 (9th Cir. 2004) (failing to satisfy next friend requirements).

## II.
## **ORDER**

IT IS HEREBY ORDERED that Judgment be entered summarily dismissing the Petition and action for lack of standing.

DATED: 11/30/17

                                                ANDREW J. GUILFORD
                                                United States District Judge

---

[3] Banks suggests, immediately after his injunction request, that this "action should be certified as a class action . . . ." (Petition at 3.)

2